USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN WARAICH,

                Plaintiff,

-against-

NATIONAL AUSTRALIA BANK, ET AL.,

                Defendants.

21-cv-5220 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, United States District Judge:**

    Invoking this Court's diversity jurisdiction, Plaintiff Sean Waraich, a foreign exchange trader, sues Defendants National Australia Bank Limited ("NAB") and Commodities Futures Trading ("CFTC") Commission Reparations Program. Defendant NAB now moves this Court to dismiss the Complaint for lack of personal jurisdiction.

    Plaintiff resides in Texas. ECF No. 1 ("Pro Se Compl. Form), at 2. Defendant NAB is an Australian bank incorporated in Victoria, Australia. ECF 1-1 ("Compl.") at 1. Plaintiff alleges that his "capital fund assets remain in Defendant NAB['s] custodianship and under NAB maintenance [but] that NAB has refused and resisted to [ ] return [the funds] to Plaintiff." Pro Se Compl. Form at 5. Plaintiff contends that NAB, in violation of the United States Commodity Exchange Act, has provided "access to unauthorized and illegal operative retail forex [foreign exchange] merchant dealers [who] affirmed to be non-compliance registered solicitors." *Id.* He also contends that "NAB has continued to wrongfully withhold and defraud [his] fund intending to designate the cause of an investment forex scam as the sole illegal beneficiary and claimant of Plaintiff's own personal equity funds." *Id.*

In 2017, Plaintiff brought a proceeding before the CFTC, in which a judgment officer found that Plaintiff had failed to establish that NAB violated the Commodity Exchange Act or CFTC regulations. ECF 1-15. The officer dismissed the matter and denied Plaintiff's motion for reconsideration. *Id.* In 2018, Plaintiff filed a substantially similar complaint in the Southern District of Texas. That suit was dismissed as to Defendant NAB for lack of personal jurisdiction. *See generally Waraich v. Nat'l Australia Bank Ltd.*, No. CV H-18-4069, 2019 WL 355758 (S.D. Tex. Jan. 29, 2019).

## LEGAL STANDARDS

To survive a motion to dismiss pursuant to Rule 12(b)(1), plaintiff must show that "the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Lit.*, 334 F.3d 204, 206 (2d Cir. 2003) (citation omitted). The district court must engage in a two-step analysis when evaluating whether sufficient grounds exist to exercise personal jurisdiction over a non-domiciliary defendant. First, the court determines if a statutory basis exists to exercise jurisdiction under the forum state's long-arm statute. New York's long-arm statute C.P.L.R. § 302(a) governs the exercise of personal jurisdiction. The Court then evaluates whether exercise of jurisdiction comports with the Due Process clause of the Constitution.

The Court is mindful that a *pro se* party's pleadings must be "liberally construed" in favor of that party and "are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (internal quotation marks and citations omitted). "*Pro se* litigants must nonetheless abide by the same rules that apply to all other litigants." *Farmer v. United States*, No. 15-cv-6287, 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citations and quotation marks omitted).

## DISCUSSION

**A. Plaintiff Fails to Allege Personal Jurisdiction as to Defendant NAB**

Defendant contends that this Court's exercise of personal jurisdiction over Defendant would not comport with constitutional due process. "[T]he touchstone due process principle has been that, before a court may exercise jurisdiction over a person or an organization, such as a bank, that person or entity must have sufficient 'minimum contacts' with the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (alterations omitted). Under this theory, federal courts can assert personal jurisdiction under two theories: specific jurisdiction and general jurisdiction. *Gucci*, 768 F.3d at 122 ("This principle 'presaged the development of two categories of personal jurisdiction': general and specific personal jurisdiction." (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)).

   *i.    General Jurisdiction*

"The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler*, 571 U.S. at 118 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–24 (2011)); *see also Gucci*, 768 F.3d at 135 ("[A] corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business). The Supreme Court noted that in "exceptional cases" a "corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19.

3

Defendant NAB is neither headquartered in the State of New York nor does it maintain its principal place of business in the state. Defendant NAB is headquartered in Victoria, Australia. *See* Decl. Mark Cahaney ¶ 4. Defendant's banking operations are primarily conducted in Australia and New Zealand. *Id.* ¶ 5. The facts in this case are scarcely the scenario the Supreme Court had in mind when considering the exceptional circumstances in which a federal court may exercise jurisdiction over a foreign entity. Defendant's presence in New York, a sole branch, is scant and insufficiently numerous to render it at home in this forum.

    ii.    *Specific Jurisdiction*

Specific jurisdiction "permits adjudicatory authority only over issues that 'arise out of or relate to the entity's contacts with the forum.'" *Gucci*, 768 F.3d at 134 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)) (alterations omitted). Plaintiff does not allege that the conduct at issue occurred in New York; he lists Houston, Texas as the place of occurrence. *See* Pro Se Compl. Form at 5. Plaintiff concedes, then, that New York has no connection to the event bringing rise to this litigation. Accordingly, the Court finds that it cannot exercise personal jurisdiction over Defendant NAB in this action.

**B. Sovereign Immunity Bars Suit Against the CFTC**

Sovereign immunity implicates this Court's subject matter jurisdiction. *See Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (stating that sovereign immunity "define that court's jurisdiction to entertain the suit"). Subject-matter jurisdiction governs the authority of the federal district court's authority to hear a dispute. As such, it cannot be waived, and a court may dismiss an action *sua sponte* for want of subject matter jurisdiction. *See* "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

"If subject matter jurisdiction is lacking, the action must be dismissed." *Id.*

Here, the CFTC Reparations Program is administered by a federal agency. "An action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see also Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). No waiver of sovereign immunity exists here. Accordingly, Plaintiff's claims against the CFTC Reparations Program must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant NAB motion to dismiss is **GRANTED**. Plaintiff's motion for leave to file sur-reply is **DENIED**. The Clerk of the Court is respectfully directed to terminate ECF Nos. 24, 30 and close this case.

**SO ORDERED.**
**Dated:   January 13, 2022**
        New York, New York

                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**